## Case No. 13,536.

### STRINGHAM v. SCHLOENER.

[4 Ben. 16.] [1]

District Court, E. D. New York. Jan., 1870.

SHIPPING SUPPLIES—MASTER—ESTOPPEL.

1. Where the owners of a vessel permitted one K. to act as master of the vessel while she was getting ready for sea, the understanding being that he should command her as master if he should purchase an interest in her, and one of the owners made oath at the custom house that K. was the owner, and K. cleared her at the custom house as master, but, failing to purchase an interest, was displaced as master: *Held*, that the owners could not now be permitted to say that K. had not the ordinary power of a master to order stores for the voyage.

2. They were liable for stores, ordered by him, which were proper for the voyage and were used on the vessel.

[This was a libel by David H. Stringham against Otto Schloener to recover for supplies furnished the Grapeshot.]

BENEDICT, District Judge. This is an action brought to recover of the owners of the schooner Grapeshot the amount of a bill of stores and chandlery furnished to that vessel in this port upon the orders of one Kempton. The defence is, that Kempton was not, in fact, the master of the vessel, and, if he was, had no authority to bind the owners in the place of their residence.

The evidence shows that Kempton was permitted by the defendants to act as the master of the vessel while she was getting ready for sea, the understanding being that he should go on board as master, and should command her, if he purchase, during the voyage, a certain interest in her. One of the defendants made oath at the custom house that Kempton was the master of the vessel, and Kempton cleared her as master, but, failing to purchase an interest, was then displaced just before she sailed.

Under this state of facts the owners cannot be permitted now to say that Kempton had not the ordinary power of a master to order for the vessel the necessary stores and chandlery for the voyage proposed. The evidence shows that the stores and chandlery sued for were ordered by Kempton for the vessel, and were proper for the voyage intended; that they were delivered on board the vessel, and used on board for the benefit of the defendants, and that one of the owners knew of the fact that Kempton was ordering such articles of the libellants for the vessel. Having permitted Kempton to order the articles as master, and accepted and retained the articles which he so ordered, the owners are liable for the value.

Decree for the amount of the bill, with interest and costs.